# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50392

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

BENJAMIN VEGA-GARCIA, also known as Carlos Moreno Molina,

> Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

June 25, 2018

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Texas

Before JOLLY, JONES, and HAYNES, Circuit Judges.

PER CURIAM:

Benjamin Vega-Garcia challenges only his sentence following his conviction on a guilty plea for being found in the United States following a prior deportation in violation of 8 U.S.C. § 1326. We review de novo the district court's interpretation and application of the Guidelines, including its determination that a defendant's prior conviction qualifies as a crime of violence ("COV") under § 2L1.2. *See United States v. Diaz-Corado*, 648 F.3d 290, 292 (5th Cir. 2011) (per curiam). We AFFIRM.

Relevant to the matter in dispute here, the pre-sentence report ("PSR") addressed Vega-Garcia's prior conviction under Florida law for abuse of an elderly or disabled adult. The PSR originally considered the 2015 Guidelines

No. 17-50392

then in effect and concluded that the Florida conviction constituted a COV, warranting a 16-level increase under § 2L1.2(b)(1)(A)(ii), which would yield a Guidelines range of 57-71 months. Vega-Garcia objected that it was not a COV, yielding only an 8-level increase under § 2L1.2(b)(1)(C), yielding a Guidelines range of 24-30 months. By the time of his sentencing, the then-current Guidelines were the 2016 Guidelines, which changed the COV analysis. The district court determined that under the 2016 Guidelines, the proper range would be 37-46 months and, having overruled Vega-Garcia's objection, determined that this was the correct Guidelines range to apply as the 2015 range of 57-71 months would be higher.

After calculating and considering all of these ranges, the district court observed that Vega-Garcia had once again entered the United States unlawfully, despite previously being convicted of a § 1326 violation and serving a 60-month sentence. Specifically, considering Vega-Garcia's requested range of 24-30 months, the district judge stated: "If 60 months didn't get his attention, are you telling me 24 to 30 now will?" The district court also stated several times that Vega-Garcia had numerous uncounted offenses. The district court thus determined that an above-Guidelines sentence was necessary in light of the previous sentence not succeeding in dissuading Vega-Garcia from continuing to enter the country unlawfully.

The Government does not defend the determination that the Florida elder abuse statute qualifies as a COV. Instead, it argues harmless error. We have previously established at least two methods for the Government to show the district court would have imposed the same sentence. "One is to show that the district court considered both ranges (the one now found incorrect and the one now deemed correct) and explained that it would give the same sentence either way." *United States v. Guzman-Rendon*, 864 F.3d 409, 411 (5th Cir.), *cert. denied*, 138 S. Ct. 524 (2017). The other method is for the Government to

"convincingly demonstrate both (1) that the district court would have imposed the same sentence had it not made the error, and (2) that it would have done so for the same reasons it gave at the prior sentencing." *Id.* (internal brackets omitted) (quoting *United States v. Ibarra-Luna*, 628 F.3d 712, 714 (5th Cir. 2010)).

We conclude that the Government meets the first test. The district court considered the different potential Guidelines and would have arrived at the same sentence under any of them. We agree with Vega-Garcia that it would be easier for everyone if the district court had expressly used the "magic words" of *Guzman-Rendon*. However, in the busy day-to-day world of a district court sentencing courtroom, we have been loath to demand "magic words" or "robotic incantations" from district judges. *United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013). Having considered the sentencing transcript in its totality, it is clear that the district court concluded that the 72-month sentence was necessary in light of Vega-Garcia's recidivism. We pretermit consideration of the question of whether the Florida conviction was a COV because we conclude that any error in the assessment of the Florida elder abuse conviction was harmless.

AFFIRMED.