# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-50268
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 26, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDUARDO QUINTANA-SOTELO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:17-CR-885-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Eduardo Quintana-Sotelo appeals the sentence imposed by the district court following its revocation of his term of supervised release. For the reasons set forth below, Quintana-Sotelo has not demonstrated that the district court committed plain error in imposing his new sentence. We therefore affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50268

I.

Quintana-Sotelo was sentenced to five months of imprisonment to be followed by two years of supervised release after pleading guilty to importing 50 kilograms or more of marijuana. As a condition of supervised release, he was ordered to serve community confinement at Dismas Charities ("Dismas") in El Paso, Texas for five months. His period of supervised release commenced on October 10, 2017. On March 1, 2018, after Quintana-Sotelo had spent nearly five months at Dismas, the district court modified the conditions of his supervision to require him to reside at Dismas "for a period of up to one hundred and eighty (180) days." Per the modification order, Quintana-Sotelo was to abide by Dismas's rules and was not allowed to terminate his stay at Dismas or separate from the facility without authorization from his probation officer or Dismas's director. The reason for the modification was to allow Quintana-Sotelo time to save sufficient funds to secure housing.

On March 13, 2019, the district court revoked Quintana-Sotelo's supervised release, finding that he had violated the conditions of supervision. Specifically, Quintana-Sotelo had absconded from Dismas on March 29, 2018 after being administered a breathalyzer and testing positive for alcohol twice and had thereafter failed to report to his probation officer within 72 hours. In his revocation report, the probation officer noted that the maximum statutory term of imprisonment was two years, pursuant to 18 U.S.C. § 3583(e)(3) and that, pursuant to U.S.S.G. § 7B1.4(a), the recommended range of imprisonment was three to nine months. The revocation report further indicated that Quintana-Sotelo had 170 days of unserved community confinement that should be ordered to be served in addition to the revocation sanction and could be converted to an equivalent period of imprisonment under U.S.S.G. § 7B1.3(d).[1]

---

[1] U.S.S.G. § 7B1.3(d) provides:

No. 19-50268

During Quintana-Sotelo's revocation hearing, the court acknowledged the applicable Guidelines range of imprisonment. The court further noted that Quintano-Sotelo had not served 170 days of the previously ordered 180 days at Dismas. At the end of the revocation hearing, the court ordered that Quintano-Sotelo was to be "committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of six months plus 170 days of unserved community confinement," with "no supervised release to follow." Similarly, in its written "order revoking supervised release," the district court ordered Quintana-Sotelo to be "committed to the custody of the Bureau of Prisons for a period of six (6) months plus one-hundred seventy (170) days of unserved community confinement" with "[n]o supervised release to follow."

## II.

On appeal, Quintana-Sotelo challenges the inclusion of "170 days of unserved community confinement" in his sentence. He first argues that his sentence is ambiguous in that it is not clear whether the district court intended the 170-day term to be converted to a term of imprisonment or to be served in community confinement.[2] According to Quintana-Sotelo, if the district court wanted him to serve the 170 days in prison, as opposed to in community confinement, it should have unambiguously so stated. In addition, Quintana-Sotelo contends that because his modified condition of supervised release

---

Any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment.

[2] Quintana-Sotelo does not challenge the district court's determination of the applicable Sentencing Guidelines range of imprisonment or argue that his sentence exceeds the statutory maximum. Nor does he argue that the district court was not allowed to convert any previously imposed, but unserved, community confinement time to a term of imprisonment.

3

required him to stay at Dismas for "up to" 180 days, unless he was permitted to depart earlier by the facility director or his probation officer, his unserved term was "indeterminate." Therefore, he states, it could not be concluded that he had failed to serve 170 days.

## III.

Quintana-Sotelo did not object to the district court's sentence on either of the grounds he now presents on appeal, depriving the district court of the opportunity to consider the potential issues and, if necessary, correct itself. *See United States v. Rosenthal*, 805 F.3d 523, 528 (5th Cir. 2015). Accordingly, we review for plain error. *See id. See also United States v. Barber*, 865 F.3d 837, 839 (5th Cir. 2017) (applying plain error review to an unpreserved argument that a special condition of supervised release was impermissibly ambiguous). Quintana-Sotelo must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the error if it affects the fairness, integrity, or public reputation of the judicial proceedings. *Id.*

Quintana-Sotelo is unable to make such a showing. Although the district court's intentions may have been clearer if it had explicitly stated that it was converting the uncompleted stay at Dismas to a prison term, this court has "been loath to demand 'magic words' or 'robotic incantations' from district judges." *United States v. Vega-Garcia*, 893 F.3d 326, 328 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 441 (2018). A review of the probation officer's revocation report, combined with the statements of the district court and defense counsel at the revocation hearing, reflect that the parties were aware that the court intended to impose an additional 170-day term of incarceration in accordance with U.S.S.G. § 7B1.3(d).

No. 19-50268

As for Quintana-Sotelo's assertion that his previously ordered period of community confinement and, therefore, his new sentence are indeterminate, to the extent that he is challenging a factual finding, "[q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *United States v. Claiborne*, 676 F.3d 434, 438 (5th Cir. 2012) (internal quotation marks and citation omitted). To the extent that he is contending that the district court committed legal error, we have not addressed the question whether a district court may convert an arguably "indeterminate" period of community confinement to a "determinate" number of days of imprisonment for purposes of § 7B1.3(d), or in other contexts, and no such authority has been identified or found in other circuits. Accordingly, Quintana-Sotelo has shown no clear or obvious error in the district court's sentence. *See Puckett*, 556 U.S. at 135; *United States v. Fields*, 777 F.3d 799, 805 (5th Cir. 2015); *United States v. Miller*, 665 F.3d 114, 136 (5th Cir. 2011).

IV.

For the reasons stated above, the judgment of the district court is AFFIRMED.