# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10439
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

HUGO HUMBERTO PEREZ RANGEL,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-349-1

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Hugo Humberto Perez Rangel challenges his sentence for illegal presence in the United States on 4 December 2017, in violation of 8 U.S.C. § 1326(a). He contends the district court violated the Ex Post Facto Clause by imposing an eight-level enhancement under the 2018 version of Sentencing Guideline § 2L1.2(b)(3), instead of a four-level enhancement under the 2016

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

version.   The Government counters in the alternative that any error in applying the additional four levels was harmless.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

"An ex post facto error may be harmless when the record makes clear that the District Court would have imposed the same sentence under the older, more lenient Guidelines that it imposed under the newer, more punitive ones." *United States v. Martinez-Ovalle*, 956 F.3d 289, 295 n.34 (5th Cir. 2020) (emphasis and internal quotation marks omitted) (quoting *Peugh v. United States*, 569 U.S. 530, 550 n.8 (2013)).  Toward that end, the proponent of the sentence must show the violation is harmless "beyond a reasonable doubt". *Chapman v. California*, 386 U.S. 18, 24 (1967); *United States v. Ibarra-Luna*, 628 F.3d 712, 718 (5th Cir. 2010).  There are "at least two methods" to satisfy this burden; as relevant in this instance, the proponent may "show that the district court considered both [Guidelines] ranges (the one now found incorrect and the one now deemed correct) and explained that it would give the same sentence either way".  *United States v. Vega-Garcia*, 893 F.3d 326, 327 (5th Cir.) (citation omitted), *cert. denied*, 139 S. Ct. 441 (2018).

No. 19-10439

The Government has met this burden. Considering the issue "in detail", the court first discussed the presentence investigation report's recommendations of a four-level enhancement (because of the ex post facto concern) and range of 33–41 months' imprisonment before concluding the eight-level enhancement applied, yielding a guidelines range of 51–63 months' imprisonment. In any event, after describing Perez' extensive pattern of recidivism and illegal border crossings, it unambiguously explained it would impose the same sentence of 54 months' imprisonment whether a four- or eight-level enhancement applied. *See id.* at 327–28.

The authority relied upon by Perez is distinguishable. *See United States v. Rico-Mejia*, 859 F.3d 318, 323 (5th Cir. 2017) (noting there was "no explicit or particularized statement from the district court showing that it calculated or considered the correct Guidelines range"), *overruled on other grounds by United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018) (en banc); *United States v. Tanksley*, 848 F.3d 347, 353 (5th Cir. 2017) (considering only whether Government satisfied different method for showing harmlessness); *United States v. Martinez-Romero*, 817 F.3d 917, 924 (5th Cir. 2016) (noting there was "no record evidence that the district court considered the lower, correctly calculated [G]uideline range").

AFFIRMED.