# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 5, 2022

Lyle W. Cayce
Clerk

No. 21-10631
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DAMIEN DRE GONZALES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:20-CR-123-1

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Damien Dre Gonzales entered a conditional guilty plea to one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1), (d), and (g)(1), and he was sentenced, at the top of the guidelines range, to 365 months of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

imprisonment. On appeal, Gonzales challenges his criminal history score calculation and the constitutionality of the statute of conviction.

In his first issue, Gonzales contends that the district court erred when it assessed a criminal history point under U.S.S.G. § 4A1.1(c) for a 2012 terroristic threat charge that was adjudicated under Texas Penal Code § 12.45. Gonzales avers that a disposition under § 12.45 is not a qualifying "diversionary disposition" under U.S.S.G. § 4A1.2(f), and did not justify the assessment of a criminal history point. We need not decide the question of whether the district court erred in its calculation of Gonzales's criminal history points, because the Government has established that any error was harmless. Specifically, the district court was aware of both guidelines ranges that could apply and expressly stated that it would impose the same 365-month sentence for the same stated reasons in light of the 18 U.S.C. § 3553(a) factors. *See United States v. Vega-Garcia*, 893 F.3d 326, 327-28 (5th Cir. 2018); *United States v. Guzman-Rendon*, 864 F.3d 409, 410-12 (5th Cir. 2017).

Gonzales also challenges the kidnapping statute, arguing that § 1201(a)(1), as amended in 2006, is unconstitutional because it greatly expands the scope of federal jurisdiction and exceeds Congress's power under the Commerce Clause. We review de novo a preserved facial challenge to the constitutionality of a federal criminal statute. *See United States v. Clark*, 582 F.3d 607, 612 (5th Cir. 2009).

Section 1201(a)(1) was broadened in 2006 to include intrastate activity if the offender uses "any . . . instrumentality of interstate . . . commerce in committing or in furtherance of the commission of the offense." Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, § 213, 120 Stat. 587, 616 (codified at § 1201(a)(1)). The crux of Gonzales's argument is that his offense should not be punished as a federal offense because it took place entirely within Levelland, Texas. His argument fails,

No. 21-10631

however, as we have recognized that the interstate nexus requirement for federal crimes is satisfied by, as pertinent here, the wholly intrastate use of an automobile. *See United States v. Marek*, 238 F.3d 310, 318-19 (5th Cir. 2001) (en banc).

The judgment of the district court is AFFIRMED.