**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>MELVIN ADAMS,<br><br>    Defendant - Appellant. | No. 12-50194<br><br>D.C. No. 2:07-cr-00386-CAS-1<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted October 9, 2013
Pasadena, California

Before: REINHARDT, KLEINFELD, and CHRISTEN, Circuit Judges.

   Melvin Adams appeals the district court's order denying his motion for

reduction of sentence under 18 U.S.C. § 3582(c)(2).  We have jurisdiction under 28

U.S.C. § 1291 to review the discretionary denial of a § 3582(c)(2) sentence

reduction motion.  *United States v. Trujillo*, 713 F.3d 1003, 1008 n.3 (9th Cir.

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

2013).  We review de novo whether a district court has jurisdiction to resentence a defendant under § 3582.  *United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009).  We affirm the district court's ruling.

Section 3582(c)(2) allows modification of a term of imprisonment when: (1) the sentence is based on a sentencing range that has subsequently been lowered by the Sentencing Commission; and (2) such reduction is consistent with applicable policy statements issued by the Sentencing Commission.  *Id.*  The primary applicable policy statement here is United States Sentencing Guideline ("U.S.S.G.") § 1B1.10, which states that a defendant is eligible for a sentence reduction if "the guideline range *applicable to that defendant* has subsequently been lowered as a result of an amendment to the Guidelines . . . ."  U.S.S.G. § 1B1.10(a)(1) (emphasis added).  The commentary to § 1B1.10 clarifies that eligibility for a reduction of sentence is triggered only by an amendment that lowers the applicable guideline range, and the guideline range is determined "before consideration of any departure provision in the Guidelines Manual or any variance."  U.S.S.G. § 1B1.10 cmt. n. 1(A) (2011).  *See United States v. Pleasant*, 704 F.3d 808, 810–11 (9th Cir. 2013).

Here, Adams was ineligible for a sentence reduction because he failed § 3582(c)(2)'s second prong — that a sentence reduction must be consistent with

2

applicable policy statements issued by the Sentencing Commission.[1]  Before he was sentenced by Judge Takasugi, Adams conceded that he "is a career offender under the Guidelines" because of his prior convictions.  Therefore, even though Judge Takasugi appears to have based Adams's initial sentence on U.S.S.G. § 2D1.1's crack cocaine guideline, the "applicable" guideline was U.S.S.G. § 4B1.1's career offender guideline.  Since the Sentencing Commission did not lower the guidelines for career offenders, Adams was ineligible for a sentence reduction.

Adams argues that his case is distinguishable from *Pleasant*, noting that Judge Takasugi never found that Adams was a career offender.  But as already mentioned, Adams conceded at the time of sentencing that his prior convictions put him in the career offender category.  In summarizing Adams's sentencing memorandum, Judge Takasugi noted that "[t]he defendant does concede he is a career offender."  It is not significant that Judge Takasugi failed to make an express finding concerning an uncontested issue.[2]

---

[1]     The parties do not contest that Adams satisfied § 3582(c)(2)'s first prong.

[2]     *See* U.S.S.G. § 4B1.1(b).

3

Adams also argues that the 2011 amendment to Application Note 1(A) of Guideline § 1B1.10 violates the United States Constitution's Ex Post Facto Clause. But amended Note 1(A) does not present "a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Peugh v United States*, 133 S. Ct. 2072, 2089 (2013) (quotation marks and citations omitted). It cannot be said that, as compared to when he committed the offense, Adams was exposed to a risk of more punishment when the Commission clarified that the availability of a new and rare resentencing remedy is limited to those who had been sentenced based upon a subsequently reduced guideline. Separately, "there can be no *ex post facto* problem if an amendment to the Guidelines merely clarifies its existing substance as opposed to changing its substance." *United States v Johns*, 5 F.3d 1267, 1269 (9th Cir. 1993). That is what amended Note 1(A) does. By its own terms, the Sentencing Commission amended Note 1(A) "to *clarify* that the applicable guideline range referred to in §1B1.10 is the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a), which is determined before consideration of any departure provision . . . or any variance." *See* 76 Fed. Reg. 41332 (emphasis added).

Adams also argues that the current version of § 1B1.10 violates the Administrative Procedure Act's notice-and-comment and report-and-wait

requirements. But the Sentencing Reform Act's statutory scheme makes clear that policy statements such as § 1B1.10 are subject to neither the APA's 180-day waiting period nor the notice-and-comment requirements for formally promulgated rules. After considering the differences between Guidelines and policy statements in 28 U.S.C. § 994(a), Congress imposed different requirements for the Commission's use of each tool. Section 994(x) states that "[t]he provisions of section 553 of title 5, relating to publication in the Federal Register and public hearing procedure, *shall apply to the promulgation of guidelines* pursuant to this section." 28 U.S.C. § 994(x) (emphasis added). Section 994(x) does not refer to policy statements.[3] *See United States v. Tercero*, No. 12-10404, slip op. at 11 (9th Cir. Oct. 31, 2013).

Finally, Adams argues that the Commission usurped judicial and Congressional authority by adopting Application Note 1(A). But Congress directed that the Sentencing Commission "shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u). The Commission is directed to do

---

[3] As the Third Circuit noted in *United States v. Berberena*, "[u]nlike in certain surrounding provisions . . ., § 994(x) makes no reference to the Commission's issuance of policy statements. The omission can only be interpreted to exclude policy statements from § 994(x)'s application of the APA's notice-and-comment provisions." 694 F.3d 514, 526–27 (3rd Cir. 2012).

so by adopting binding policy statements.  *See* 28 U.S.C. § 994(a)(2)(C) (The

Commission "shall promulgate . . . general policy statements regarding application

of the guidelines or any other aspect of sentencing or sentence implementation that

in the view of the Commission would further the purposes set forth in [18 U.S.C. §

3553(a)(2)], including the appropriate use of . . . the sentence modification

provision[] set forth in section[] . . . 3582(c)."). That is exactly what it has done

with § 1B1.10.  As such, Adams's argument fails.

**AFFIRMED.**