*U.S. v. Guerrero*

# In the
# United States Court of Appeals
## for the Second Circuit

August Term, 2017

(Argued:  May 8, 2018      Decided:  December 10, 2018)

Docket No. 17-1851-cr

UNITED STATES OF AMERICA,

*Appellee,*

–v.–

JOSE BELTRAN GUERRERO,

*Defendant-Appellant.*

B e f o r e :

HALL, CARNEY, *Circuit Judges*, and KOELTL, *District Judge*.[1]

Defendant-Appellant Jose Beltran Guerrero appeals from a judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*) sentencing him to 18 months' imprisonment pursuant to his guilty plea for illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a). The District Court

---

[1] Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

concluded that Guerrero's prior Arizona state law drug conviction qualified as a "felony drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(B) (Nov. 2014); *see also id.* cmt. n.1(B)(iv). Based on this conclusion, it determined that the 2014 Guidelines, in effect at the time of the offense, and the 2016 Guidelines, in effect at the time of sentencing, produced the same sentencing range. And with this as predicate, it calculated the applicable sentencing range using the 2016 Guidelines, which base enhancements related to reentry crimes on the length of the state sentence, rather than on the substance of the state crime as the 2014 Guidelines did. The District Court then entered a below-Guidelines sentence. On appeal, Guerrero argues that the District Court erred because his prior Arizona drug conviction is not a "felony drug trafficking offense" and that therefore the 2014 Guidelines yield a lower Guidelines range. The lower Guidelines range should have been the District Court's starting point, he contends, and his sentence is for this reason tainted by procedural error.

Guided by our recent decision in *United States v. Townsend*, 897 F.3d 66 (2d Cir. 2018), we conclude that the phrase "controlled substance" as used in the 2014 Guidelines' definition of "felony drug trafficking offense" refers exclusively to those substances controlled under federal law. We further conclude that the Arizona statute of Guerrero's drug conviction is broader than corresponding federal law because it includes substances not listed by the federal Controlled Substances Act. As Guerrero maintains, then, his Arizona conviction does not qualify as a felony trafficking offense under U.S.S.G. § 2L1.2 (Nov. 2014). These conclusions compel us to rule that the District Court erred procedurally in sentencing Guerrero. Accordingly, we VACATE the sentence imposed by the District Court and REMAND for resentencing.

VACATED AND REMANDED.

———————

DAVID W. DENTON, JR., Assistant United States Attorney (Karl Metzner, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY, *for Appellee*.

YUANCHUNG LEE, Appeals Bureau, Federal Defenders of New York, Inc., New York, NY, *for Defendant-Appellant*.

———————

SUSAN L. CARNEY, *Circuit Judge*:

Defendant-Appellant Jose Beltran Guerrero appeals from a judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*) sentencing him to 18 months' imprisonment pursuant to his guilty plea for illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a). The District Court concluded that Guerrero's prior Arizona state law drug conviction qualified as a "felony drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(B) (Nov. 2014); *see also id.* cmt. n.1(B)(iv). Based on this conclusion, it determined that the 2014 Guidelines, in effect at the time of the offense, and the 2016 Guidelines, in effect at the time of sentencing, produced the same sentencing range. And with this as predicate, it calculated the applicable sentencing range using the 2016 Guidelines, which base enhancements related to reentry crimes on the length of the state sentence, rather than on the substance of the state crime as the 2014 Guidelines did. The District Court then entered a below-Guidelines sentence. On appeal, Guerrero argues that the District Court erred because his prior Arizona drug conviction is not a "felony drug trafficking offense" and that therefore the 2014 Guidelines yield a lower Guidelines range. The lower Guidelines range should have been the District Court's starting point, he contends, and his sentence is for this reason tainted by procedural error.

Guided by our recent decision in *United States v. Townsend*, 897 F.3d 66 (2d Cir. 2018), we conclude that the phrase "controlled substance" as used in the 2014 Guidelines' definition of "felony drug trafficking offense" refers exclusively to those substances controlled under federal law. We further conclude that the Arizona statute of Guerrero's drug conviction is broader than corresponding federal law because it includes substances not listed by the federal Controlled Substances Act. As Guerrero maintains, then, his Arizona conviction does not qualify as a felony trafficking offense under U.S.S.G. § 2L1.2 (Nov. 2014). These conclusions compel us to rule that the District

3

Court erred procedurally in sentencing Guerrero. Accordingly, we VACATE the sentence imposed by the District Court and REMAND for resentencing.

## BACKGROUND

Guerrero,[2] a native and citizen of Mexico, appeals his 18-month sentence for illegal reentry into the United States by a person previously removed, in violation of 8 U.S.C. § 1326(a).

Guerrero has been arrested and removed from this country several times. He was most recently removed in 2014. In September 2015, Guerrero—once again in the United States—was arrested in Manhattan and charged with a state drug possession offense. He pleaded guilty and was sentenced in July 2016 to four years' imprisonment. The government then brought the instant unlawful reentry charge against Guerrero. He eventually pleaded guilty to unlawful reentry in violation of 8 U.S.C. § 1326(a).

His sentencing for unlawful reentry required consideration of both the 2015 New York drug possession offense and a drug offense conviction that he sustained in Arizona in 2013 (the "Arizona conviction"). Guerrero urges that the District Court erred when it concluded that the Arizona conviction qualified as a "drug trafficking offense" under § 2L1.2 of the 2014 Guidelines, a conclusion that established the framework for its ultimate sentencing decision, as we will describe.[3]

---

[2] Guerrero and the government agree that Guerrero's "real name is Pastor Valenzuela Escalante." A 101.

[3] Guerrero has argued inconsistently that the 2014 and 2015 Guidelines should apply to his sentencing, and circumstances imply that he may have also meant to invoke the 2013 Guidelines. We need not address the question further, however, because there is no relevant difference among the versions of § 2L1.2 that appear in the 2013, 2014, or 2015 Guidelines. The substantive change of significance here was made in the 2016 Guidelines, which became effective on November 1, 2016. It altered the structure of the enhancements related to reentry crimes: By taking as a proxy for seriousness, in most cases, the length of the state sentence

Under § 2L1.2 of the 2014 Guidelines, which addresses defendants convicted of unlawfully entering or remaining in the United States, a defendant with Guerrero's criminal history receives a 12-level enhancement if he has sustained a conviction for "a felony drug trafficking offense for which the sentence imposed was 13 months or less." U.S.S.G. § 2L1.2(b)(2)(B) (Nov. 2014). The Guidelines define "drug trafficking offense" in the commentary to § 2L1.2 as:

> An offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 2L1.2 cmt. n.1(B)(iv) (Nov. 2014).

Whether this enhancement applies to Guerrero on his conviction for unlawful reentry depends in significant part on how his 2013 Arizona drug conviction is properly characterized. Guerrero argues that his Arizona conviction does not qualify as a "drug trafficking offense" under the categorical approach because Arizona Revised Statutes § 13-3408(A)(7), in effect, criminalizes the transport of two substances—benzylfentanyl and thenylfentanyl—that do not appear on federal schedules. The government, for its part, urged that a "drug trafficking offense" includes any conviction for actions related to a substance that is controlled, regardless of whether it is controlled under federal law.

If his Arizona conviction is a "drug trafficking offense" under the 2014 Guidelines, then Guerrero's total offense level and sentencing range are the same under both the 2014 and 2016 Guidelines. If, however, the Arizona conviction is *not* a "drug

_____

imposed rather than the substance or title of the state crime, it eliminated, for Guerrero's purposes, the need to define "drug trafficking offense." It is the text of § 2L1.2 as it appears in the 2014 Guidelines and on which the District Court relied that we discuss above.

trafficking offense," then the 2014 Guidelines yield a lower total offense level than do the substantially revamped 2016 Guidelines. The latter conclusion would require an adjustment to Guerrero's sentencing analysis: Although district courts ordinarily apply the Guidelines version in effect at the time of sentencing, constitutional ex post facto concerns dictate making an exception to the ordinary practice when the version in effect at sentencing gives rise to a higher sentence than does the version in effect at the time of the offense. *See Peugh v. United States*, 569 U.S. 530, 549 (2013).

Because the 2016 Guidelines (those in effect at the time of sentencing) do in fact give rise to a higher sentencing range than do the re-construed 2014 Guidelines (those in effect at the time of the offense), Guerrero argues further that the interpretation of § 2L1.2 that is suggested by *Townsend* means that the District Court should have applied the 2014 Guidelines to avoid the resulting ex post facto concerns, which were recognized in *Peugh*.

## DISCUSSION

The issues raised by Guerrero's appeal are legal in character—primarily, the meaning of "controlled substance" in the Guidelines' definition of the phrase "drug trafficking offense." Accordingly, we review de novo the District Court's construction of the Guidelines in sentencing Guerrero. *See United States v. Pornes-Garcia*, 171 F.3d 142, 144 (2d Cir. 1999).

## I

In *Townsend*, we considered the application of U.S.S.G. § 2K2.1(a)(2) (Nov. 2016). 897 F.3d at 68. That section enhances the Guidelines sentence for a felon in possession of a firearm if the offense was committed by a defendant who was previously convicted of two felonies, for either a crime of violence or a "controlled substance offense." Section

6

2K2.1 adopts definitions set forth in Guidelines § 4B1.2(b). Section 4B1.2(b) in turn

defines the term "controlled substance offense" as follows:

> The term "controlled substance offense" means an offense under federal
> or state law, punishable by imprisonment for a term exceeding one year,
> that prohibits the manufacture, import, export, distribution, or
> dispensing of a controlled substance (or a counterfeit substance) or the
> possession of a controlled substance (or a counterfeit substance) with
> intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b) (Nov. 2016). On review, we concluded that the phrase "controlled

substance" as used in that section "refers exclusively to those substances in the CSA

[that is, the federal Controlled Substances Act]." *Townsend*, 897 F.3d at 75.

Our conclusion stemmed from several observations. We explained that, while "a

'controlled substance offense' includes an *offense* 'under federal or state law,' that does

not also mean that the *substance* at issue may be controlled under federal or state law."

*Id.* at 70 (emphases in original). We relied on the *Jerome* presumption—the rule that

absent explicit Congressional direction otherwise, the application of federal law will be

found not to depend on state law—to resolve any ambiguity in the language of

§ 4B1.2(b). *See Jerome v. United States*, 318 U.S. 101, 104 (1943). Because "imposing a

*federal* sentencing enhancement under the Guidelines requires something more than a

conviction based on a state's determination that a given substance should be

controlled," we determined that "a 'controlled substance' under § 4B1.2(b) must refer

exclusively to those drugs listed under federal law—that is, the CSA." *Townsend*, 897

F.3d at 71.

On this foundation, the *Townsend* Court reasoned that a state offense qualifies as

a "controlled substance offense" as defined in § 4B1.2(b) only if the state law

"categorically matches its federal counterpart." *Id.* at 74. New York penal law prohibits

the sale of human chorionic gonadotropin, a substance that is not controlled under the

CSA. In light of this misalignment, we determined that New York law was

7

substantively broader than the CSA and that Townsend's prior drug conviction under New York law was not a "controlled substance offense" as necessary for the sentencing enhancement under § 2K2.1(a)(2) to apply. *Id.*

The definition of "controlled substance offense" that appears in § 4B1.2(b) of the 2016 Guidelines, at issue in *Townsend*, and the definition of "drug trafficking offense" in § 2L1.2 of the 2014 Guidelines, at issue here, are "virtually identical." *Townsend*, 897 F.3d at 72 n.5. They define both a "drug trafficking offense" and "controlled substance offense" in essence as "an offense under federal or state [or local] law . . . that prohibits the . . . distribution . . . of a controlled substance." We see no reason—and the parties have offered none—why the phrase "drug trafficking offense" in § 2L1.2 should be interpreted differently from "controlled substance offense" in § 4B1.2(b).[4] Indeed, the government has now agreed that *Townsend* requires the interpretation of § 2L1.2 that we adopt here.

Accordingly, we decide that a state offense qualifies as a "drug trafficking offense" for purposes of 2014 U.S.S.G. § 2L1.2 only if the state law of the instant offense of conviction criminalizes no more than those substances also criminalized by the federal Controlled Substances Act. Where, by contrast, the state statute criminalizes substances other than those listed under the federal analogue, the prior state conviction may not be used to support a sentencing enhancement under 2014 U.S.S.G. § 2L1.2.

Therefore, we next examine the Arizona drug law under which Guerrero was convicted in 2013 and compare its reach to that of the Controlled Substances Act.

---

[4] Following the issuance of *Townsend*, we directed the parties to address its effect on this case. Both parties agreed that *Townsend* is dispositive of the § 2L1.2 issue. *See* Gov't Aug. 9, 2018 Ltr.; Guerrero Aug. 9, 2018 Ltr.

To determine the scope of relevant state law, we compare the elements of the state criminal statute to those of its federal counterpart. We use either the categorical or modified categorical approach, depending on whether we find the state statute to be "divisible" or "indivisible." The parties do not challenge on appeal the District Court's conclusion that the statute of conviction, Arizona Revised Statutes § 13-3408(A)(7), is indivisible.[5] We therefore proceed to apply the categorical approach to determine whether the "state element is 'the same as, or narrower than' the federal element." *Townsend*, 897 F.3d at 74 (quoting *Descamps v. United States*, 570 U.S. 254, 257 (2013)).

The Arizona statute defining "narcotic drug" for purposes of the statute of conviction lists two substances, benzylfentanyl and thenylfentanyl, § 13-3401(20)(n), (mmmm), that do not appear on the federal list of controlled substances, *see* 21 C.F.R. Ch. II, Pt. 1308. It thus presents a close parallel to the situation that we described in *Townsend*: the Arizona statute "sweeps more broadly than its federal counterpart." 897 F.3d at 74. Consequently, Guerrero's 2013 Arizona state drug conviction does not qualify as a "drug trafficking offense" under § 2L1.2 of the 2014 Guidelines.

This conclusion means that applying the 2014 Guidelines to Guerrero would give rise to a different, lower Guidelines offense level. Guerrero calculates it at 10, which, with his criminal history, produces a sentencing range of 15–21 months. Application of the 2016 Guidelines led to an offense level of 17 and a range of 37–46 months, raising the ex post facto sentencing concerns mentioned above. *See Peugh*, 569 U.S. at 550. The District Court determined that 37–46 months was the applicable Guidelines range, but sentenced Guerrero to a below-Guidelines sentence of 18 months, albeit to be served

---

[5] Arizona Revised Statutes § 13-3408(A)(7) provides that a person shall not knowingly "[t]ransport for sale, import into this state, offer to transport for sale or import into this state, sell, transfer or offer to sell or transfer a narcotic drug."

consecutive to his state sentence of four years. That the sentence imposed was substantially below-Guidelines might initially suggest that any error in sentencing was harmless. But we have observed that an error in calculating the Guidelines range "will taint not only a Guidelines sentence, if one is imposed, but also a non-Guidelines sentence, which may have been explicitly selected with what was thought to be the applicable Guidelines range as a frame of reference." *United States v. Fagans*, 406 F.3d 138, 141 (2d Cir. 2005).

We remand to the District Court for resentencing, then, in light of our conclusion that the Arizona conviction is not a "drug trafficking offense" under U.S.S.G. § 2L1.2 (Nov. 2014). In resentencing, the District Court will have the opportunity to address in the first instance the consequent ex post facto concerns and to assess anew the applicability to Guerrero of the Guidelines ranges and the standard sentencing factors under 18 U.S.C. § 3553(a).

## CONCLUSION

For the reasons stated above, Guerrero's prior conviction under Arizona state law does not qualify as a "drug trafficking offense" for purposes of § 2L1.2 of the U.S. Sentencing Guidelines (Nov. 2014). We **VACATE** the sentence imposed by the District Court and **REMAND** for resentencing.