# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20649

United States Court of Appeals
Fifth Circuit

**FILED**
May 29, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

RAMON AGUIRRE,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-195-1

Before DENNIS, ELROD, and COSTA, Circuit Judges.

PER CURIAM:*

Ramon Aguirre pleaded guilty on May 22, 2019 to illegal reentry into the United States after having been removed following a felony conviction, in violation of 8 U.S.C. § 1326(a) & (b)(1).  The district court sentenced Aguirre under the 2018 Sentencing Guidelines, utilizing a 10-level enhancement pursuant to § 2L1.2(b)(2)(A) (2018) because Aguirre had been convicted of a felony before his first deportation in 2009 and was ultimately sentenced to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20649

serve a six-year prison term upon his return to the United States in 2012. The probation department determined that Aguirre's illegal reentry offense concluded November 6, 2017, the date he was apprehended by Immigration and Customs Enforcement officials. As of that date, the 2016 Guidelines remained in effect and would have resulted in only a 4-level enhancement rather than a 10-level enhancement applicable under the 2018 Guidelines. U.S.S.G. § 2L1.2(b)(1)(D) (2016); *United States v. Franco-Galvan*, 864 F.3d 338 (5th Cir. 2017). Aguirre objected to the use of the 2018 Guidelines, arguing that their application resulted in a harsher penalty and therefore violated the Ex Post Facto clause of the United States Constitution. While noting that the amendment to the Guidelines implementing the harsher penalty was somewhat substantive, the district court nonetheless overruled Aguirre's objection and applied the 2018 Guidelines, adopting the Presentence Report (PSR) and sentencing Aguirre to a below-Guidelines sentence of 36 months.

After the district court's judgment, this court decided *United States v. Martinez-Ovalle*, 956 F.3d 289, 292–95 (5th Cir. 2020), where we held that applying a § 2L21.2(b)(2) enhancement under the 2018 Guidelines to an illegal reentry offense that concluded before the effective date of the 2018 Guidelines violated the Ex Post Facto Clause. The government concedes that its contrary argument—that no such violation exists—"necessarily fails under the rule of orderliness." Nonetheless, the government maintains that "[e]ven assuming error under *Martinez-Ovalle*, this Court still must consider harmlessness," which "requires 'a careful review of the record' in the individual case." Here, the government argues, "the record . . . conclusively demonstrates the error's harmlessness." Because the government concedes that *Martinez-Ovalle* resolved any question whether applying the 2018 Guidelines to Aguirre violated the Ex Post Facto clause, we need only consider the contested issue of harmless error.

No. 19-20649

The district court's erroneous application of the 2018 Guidelines and the § 2L21.2(b)(2) enhancement therein constitutes procedural error, which "is harmless if the error did not affect the district court's choice of sentence." *United States v. Halverson*, 897 F.3d 645, 652 (5th Cir. 2018); *see also Martinez-Ovalle*, 956 F.3d at 295 n.34 ("An 'ex post facto error may be harmless' when 'the record makes clear that the District Court would have imposed the same sentence under the older, more lenient Guidelines that it imposed under the newer, more punitive ones.'" (quoting *Peugh v. United States*, 569 U.S. 530, 551 (2013)). "First, the government must compellingly prove that the district court would have imposed a sentence outside the properly calculated sentencing range for the same reasons it provided at the sentencing hearing. Second, the government must demonstrate that the 'sentence the district court imposed was not influenced in any way by the erroneous Guidelines calculation." *United States v. Martinez-Romero*, 817 F.3d 917, 924 (5th Cir. 2016) (internal citation omitted) (quoting *United States v. Ibarra-Luna*, 628 F.3d 712, 717–19 (5th Cir. 2010)). The government has not met its burden.

The government first argues that the district court would have imposed the same sentence regardless of the error because it "expressly considered both Guidelines ranges on the record" before deciding on Aguirre's 36-month sentence. The district court stated: "If I grant your objection, then it's a 24- to 30-month sentence rather than 46 to 57. . . . The probation officer set out why . . . it should not be an ex post facto violation to apply it. I'd like to hear anything additional you have to say, and I'll hear from the government." Though this discussion could be interpreted to support the government's argument, it could just as easily be interpreted as a summary of the relevant arguments and Aguirre's objections to the PSR. Where a district court's statements are, as here, "open to multiple interpretations" and fail to "clearly

3

show the judge would have imposed the [same] sentence regardless of which Guidelines applied," we have held the government failed to show harmless error. *Martinez-Ovalle*, 956 F.3d at 295 n.34 (citations and quotation marks omitted).

The government further argues that, viewed as a whole, the sentencing transcript reflects the district court's "purposeful intent to select an approximate three-year sentence that was in-between the parties' competing Guidelines ranges, regardless of the objection, based on Aguirre's criminal history." But the transcript itself belies this argument. The district court was faced with numerous arguments and objections in addition to the Ex Post Facto argument, including that Aguirre should get credit for time served in state custody and that his criminal history was nonviolent, warranting a downward departure even from the correct Guidelines range. Importantly, the district court explicitly referenced these arguments, noting that its 36-month sentence "adequately captures the seriousness of the criminal history and . . . gives partial credit to the time spent in state custody" or, alternatively, "as a downward departure." In contrast to its explicit consideration of Aguirre's other arguments, the court did not at this point make any reference to the enhancement at issue here or Aguirre's proposed Guidelines range. These statements, combined with the district court's statement that its sentence "is not as low as the defense asks" nor "as high as the government asks," reflects the likelihood that the district court was splitting the difference between the incorrect Guidelines range and the correct one, indicating "that the improper [G]uideline calculation influenced the sentence." *Martinez-Romero*, 817 F.3d at 926.

For these reasons, the district court's procedural error in sentencing Aguirre under the 2018 Guidelines was not harmless. We therefore VACATE and REMAND for resentencing in accordance with this opinion.