# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-11201
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 17, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR SEGURA-RESENDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-210-1

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Oscar Segura-Resendez appeals the sentence for his illegal reentry offense. The reentry occurred on or about November 27, 2017. Using the 2018 Guidelines Manual, the Presentence Report recommended an eight-level adjustment because, before he was ordered removed for the first time in June 1998, Segura-Resendez sustained a felony conviction for which he was initially sentenced to 10 years of deferred adjudication probation and subsequently

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentenced to two years of imprisonment after his probation was revoked.  *See* U.S.S.G. § 2L1.2(b)(2)(B).  Segura-Resendez objected to that enhancement on ex post facto grounds.  He explained that his predeportation conviction would have resulted in only a four-level adjustment under the 2016 version of § 2L1.2.  The district court overruled the objection and imposed a within-guidelines term of 77 months of imprisonment.

Segura-Resendez repeats his objection on appeal.  Absent ex post facto concerns, a sentencing court should apply the Guidelines Manual in effect at the time of sentencing.  *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).  But retrospective application of a higher sentencing range under an amended Sentencing Guidelines violates the Ex Post Facto Clause.  *Peugh v. United States*, 569 U.S. 530, 541-50 (2013).  Therefore, as correctly conceded by the government, application of the 2018 Guidelines Manual to Segura-Resendez's sentence violated the Ex Post Facto Clause.  *See United States v. Martinez-Ovalle*, 956 F.3d 289, 294-95 (5th Cir. 2020).

Nevertheless, this error was harmless.  *See Peugh*, 569 U.S. at 550 n.8 (recognizing that an ex post facto violation in applying the Guidelines is harmless if "the record makes clear that the District Court would have imposed the same sentence under the older, more lenient Guidelines that it imposed under the newer, more punitive one").  Although the government did not argue harmlessness, we may consider the issue *sua sponte*.  *See United States v. Groce*, 784 F.3d 291, 296 n.2 (5th Cir. 2015), *superseded by regulation on other grounds as stated in United States v. Halverson*, 897 F.3d 645, 651 (5th Cir. 2018).  The reason is that a remand is pointless if the district court has made clear that it would have imposed the same sentence under the "older, more lenient Guidelines."  *Peugh*, 569 U.S. at 550 n.8.  It did so here, recognizing

No. 19-11201

what the Guidelines range would have been if the court had sustained Segura-Resendez's objection (51 to 63 months) and then explaining:

> And even if I had applied the four-level enhancement as opposed to the eight-level enhancement, then I would have imposed an upward variance.  But because of the eight-level enhancement, it's unnecessary to impose any upward variance, and I think that the sentence that the Court is going to impose takes care of the factors under (a)(2) [of 18 U.S.C. § 3553].
>
> . . .
>
> So what the Court is saying is this.  Whether it imposed the four-level enhancement or the eight-level enhancement, the sentence that it's going to impose would be the same.

As a result, the ex post facto error was harmless.  *United States v. Guzman-Rendon,* 864 F.3d 409, 411 (5th Cir. 2017).

The judgment is AFFIRMED.