# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 21, 2020

Lyle W. Cayce
Clerk

No. 20-10036
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE GUSTAVO CERVANTES-ARTEAGA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-613-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Jose Gustavo Cervantes-Arteaga was convicted of illegal reentry into the United States after a previous removal and sentenced to 24 months of imprisonment and a one-year term of supervised release. Relying upon our recent decision in *United States v. Martinez-Ovalle*, 956 F.3d 289, 292–95 (5th Cir. 2020), Cervantes-Arteaga renews his preserved argument that the district court committed a reversible ex post facto error when it applied an eight-level

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2L1.2(b)(2) enhancement under the 2018 Sentencing Guidelines, including Amendment 809, rather than a four-level enhancement that would have applied under the 2016 version of the Guidelines.

We review the district court's interpretation and application of the Guidelines de novo. *Martinez-Ovalle*, 956 F.3d at 292. Absent ex post facto concerns, a sentencing court should apply the Guidelines in effect at the time of sentencing. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). However, retrospective application of a higher sentencing range under an amended Sentencing Guidelines violates the Ex Post Facto Clause. *Peugh v. United States*, 569 U.S. 530, 541-50 (2013).

In light of *Martinez-Ovalle*, and as correctly conceded by the Government, application of the 2018 Guidelines to Cervantes-Arteaga's sentence violated the Ex Post Facto Clause. *See* U.S.S.G. App. C (Amendment 809); *Martinez-Ovalle*, 956 F.3d at 291-95. Given that the Government does not advance an argument that the error was harmless, and given that no such argument is apparent from the district court's statements at sentencing, Cervantes-Arteaga's conviction is AFFIRMED, his sentence is VACATED, and the case is REMANDED for resentencing consistent with this opinion. *See Martinez-Ovalle*, 956 F.3d at 291-95 & n.34; *United States v. Guzman-Rendon*, 864 F.3d 409, 411 (5th Cir. 2017).