# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50784

United States Court of Appeals
Fifth Circuit

**FILED**

July 24, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

DIEGO GUZMAN-RENDON, also known as Armando Guzman,
also known as Diego Guzman,
also known as Diego Armando Guzman-Rendon,
also known as Diego A. Guzman-Rendon,
also known as Diego Guzman Rendon, also known as Diego A. Guzman,

Defendant–Appellant.

Appeals from the United States District Court
for the Western District of Texas

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

Diego Guzman-Rendon appeals a sixteen-level enhancement to his sentence for illegal reentry in violation of 8 U.S.C. § 1326. We affirm, concluding that if there was error, it was harmless.

No. 16-50784

I.

The offense of conviction assigned a base offense level of 8. Guzman-Rendon had several Florida convictions that could qualify as drug-trafficking offenses under U.S.S.G. § L1.2(b)(1)(A)(i), subjecting him to a sixteen-level enhancement. The first was a conviction for distribution under Florida Statutes § 893.13(1)(a), which provides that "a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." In connection with the same offense, Guzman-Rendon was also convicted of violating Florida Statutes § 934.215, which criminalizes the "use[] [of] a two-way communications device . . . to facilitate or further the commission of any felony offense." He was also convicted of conspiracy to sell cocaine. The probation officer concluded that these convictions qualified Guzman-Rendon for the sixteen-level enhancement for a drug-trafficking offense under Section 2L1.2(b)(1)(A)(i).

Guzman-Rendon objected to the enhancement based on *Sarmientos v. Holder*, 742 F.3d 624 (5th Cir. 2014). The probation officer agreed and revised the presentence report ("PSR") to remove the enhancement, leaving Guzman-Rendon with an offense level of 10 and a criminal history category of II. The government contended that the enhancement should still be applied based on *United States v. Juarez-Velazquez*, 577 F. App'x 254 (5th Cir. 2014) (per curiam). Guzman-Rendon maintained his position that the enhancement did not apply because his Florida convictions did not qualify as drug-trafficking offenses; he bolstered his argument with *United States v. Medina*, 589 F. App'x 277 (5th Cir. 2015) (per curiam).

The district court stated its intent to "abide by the guidelines." It discussed the range to which Guzman-Rendon would be subject, absent the enhancement—eight to fourteen months. But it found that the drug-

2

No. 16-50784

trafficking-offense enhancement was appropriate, rejecting Guzman-Rendon's arguments. This yielded a guidelines range of 41 to 51 months. The court also stated that, in the event its calculation of the proper range were mistaken, 41 to 51 months was still the proper range "given Mr. Guzman-Rendon's prior drug history[,] his prior five-year sentence in the state penitentiary[, and] his continuing to violate American law." The court sentenced Guzman-Rendon to 41 months.

On appeal, Guzman-Rendon and the government disagree on whether the Florida convictions, or any of them, qualifies as a drug-trafficking offense under the guidelines. The government avers, in the alternative, that even if the court erred, any error was harmless.

## II.

We proceed to address harmless error. As explained in *United States v. Richardson*, 676 F.3d 491, 511 (5th Cir. 2012), in this circuit, there are two ways to show harmless error if the wrong guidelines range is employed. One is to show that the district court considered both ranges (the one now found incorrect and the one now deemed correct) and explained that it would give the same sentence either way. The other way applies even if the correct guidelines range was not considered and requires that "the proponent of the sentence convincingly demonstrate[] both (1) that the district court would have imposed the same sentence had it not made the error, and (2) that it would have done so for the same reasons it gave at the prior sentencing." *United States v. Ibarra-Luna*, 628 F.3d 712, 714 (5th Cir. 2010).[1]

---

[1] *Ibarra-Luna* contains some language suggesting that it represents the exclusive manner for examining harmless error in this circuit. Specifically, it suggests that the "harmless error doctrine applies *only*" if the procedure described above is followed. *Id.* (emphasis added). *Richardson* postdates *Ibarra-Luna*, so if *Ibarra-Luna*'s claims of exclusivity were correct, *Richardson* might not be valid precedent under this circuit's rule of

No. 16-50784

This case is in the former category. The court acknowledged that the PSR recommended 8 to 14 months. It also heard about the same range from the public defender. Nevertheless, it stated that Guzman-Rendon's conduct merited a departure upward to 41 to 51 months "even if the proper guideline calculation is eight to fourteen months." *Richardson* states firmly that because the court

> (1) considered all of the possible guidelines ranges that could have resulted if it had erred in applying one or more of the enhancements to Richardson's offense level; (2) found all of those resulting ranges to be insufficient in this case; and (3) stated that it would have imposed the same . . . sentence even if one of those ranges had applied, we hold that any error the district court made in calculating the guidelines range was harmless.

*Richardson*, 676 F.3d at 512. That holding is equally valid here.

Two additional arguments can be made against *Richardson*'s applicability. The first is that the court was not explicit enough about its consideration of the 18 U.S.C. 3553(a) sentencing factors. That theory is not convincing. The court repeatedly mentioned the 3553(a) factors, though it did not name all of them, and concluded that a higher sentence was necessary even if it was error as regards the guidelines based on factors that clearly fit within 3553(a)—namely, Guzman-Rendon's recidivism, the fact that his offense was indeed selling cocaine even if it did not fit explicitly within the guidelines definition of a drug-trafficking offense, and the fact that five years in prison apparently had not deterred him from continuing to violate the law. Guzman-Rendon's argument against this point goes essentially to how the court

---

orderliness, which prohibits one panel from overruling another panel absent intervening *en banc* or Supreme Court decisions. *See, e.g.*, *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008). However, *Ibarra-Luna* in turn postdates two cases, *United States v. Duhon*, 541 F.3d 391 (5th Cir. 2008) and *United States v. Bonilla*, 524 F.2d 647 (5th Cir. 2008), which draw the same distinction *Richardson* does, and thus, to the extent *Ibarra-Luna* claimed exclusivity, that claim would be foreclosed by the rule of orderliness.

weighed those factors, and "appellate review of a district court's application of the 18 U.S.C. § 3553(a) factors 'is highly deferential . . . .'"[2]  There is no reason to disregard that deference here.

The final contention came from Guzman-Rendon's counsel during oral argument: that *Richardson* provides a safe harbor only for those judges who state they would pronounce precisely the same *sentence*.  *See Richardson*, 676 F.3d at 512.  Here, by contrast, the court announced it would apply the same *range* regardless of error—removing this case, in counsel's view, from *Richardson*'s protections.

We reject this notion, which would convert sentencing into a recitation of talismanic words and phrases to save a sentence from the depredations of the "dukes and earls of the appellate kingdom."[3]  The theory behind *Richardson* is that the consideration of both the correct and incorrect ranges—coupled with the statement that the same decision would be made regardless—operates in tandem to confer a kind of *arguendo* agreement with the defendant's position; the court informs him that it will agree with his position for the sake of argument but will choose the same sentence anyway.  That theory is as applicable to the "same range"—the district court's phrase of choice in this case—as it is to the "same sentence."  *Richardson*, 676 F.3d at 512.

The judgement of sentence is AFFIRMED.

---

[2] *United States v. Aldawsari*, 740 F.3d 1015, 1021 (5th Cir. 2014) (quoting *United States v. Heard*, 709 F.3d 413, 435 (5th Cir. 2013)).

[3] *United States v. Hall*, 858 F.3d 254, 294 (4th Cir. 2017) (Wilkinson, J., dissenting).