# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11418
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 4, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAMON HALL,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-82-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Damon Hall appeals the 175-month prison sentence that he received for his guilty plea conviction of possessing with intent to distribute 100 grams or more of heroin. He argues, as he did in the district court, that his prior Texas convictions for possession with intent to deliver a controlled substance do not support the career offender guideline enhancement. The Government correctly concedes that the district court erred in light of *United States v. Tanksley*, 848

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11418

F.3d 347 (5th Cir.), *supplemented by* 854 F.3d 284 (5th Cir. 2017), but the Government contends that the error was harmless.

The Government points to part of the sentencing transcript in which Hall identified the correct range and in which the district court explained that it would give the same sentence regardless of whether the career offender enhancement applied. *See United States v. Guzman-Rendon*, 864 F.3d 409, 411 (5th Cir. 2017). Moreover, the Government convincingly demonstrates (1) that the district court would have imposed the same sentence had it not made the error, and (2) that it would have done so for the same reasons it gave at the prior sentencing. *See id.* When the district court explained that it would have imposed the same sentence either way, it pointed to the serious nature of the offense, including the danger posed by Hall dealing drugs (in this case and previously) in an apartment area; the under-representation of Hall's criminal history; and, as mitigating factors, Hall's contrition and his family support.

AFFIRMED.