# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40345
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 18, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS FABIAN MARTINEZ-CONTRERAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CR-604-1

Before DENNIS, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jesus Fabian Martinez-Contreras pled guilty to being found in the United States following a deportation that occurred subsequent to a felony conviction. On appeal, he challenges the district court's assessment of the 10-level enhancement of U.S.S.G. § 2L1.2(b)(2)(A) (2016), which was based on a prior state felony offense. Martinez-Contreras argues that the enhancement was erroneously applied because, before his first removal order, he received

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40345

only a probationary term for the state felony offense and that the prison sentence imposed upon revocation of his probation could not be used to assess the § 2L1.2(b)(2)(A) enhancement because it was imposed after his first removal order.

We review the district court's interpretation of the guidelines de novo and its factual findings for clear error. *See United States v. Fernandez,* 770 F.3d 340, 342 (5th Cir. 2014). Pursuant to *United States v. Franco-Galvan*, 864 F.3d 338, 340-43 (5th Cir. 2017), which issued after Martinez-Contreras was sentenced, application of the § 2L1.2(b)(2)(A) enhancement constitutes error.

The Government has not met its burden of showing harmless error. *See United States v. Martinez-Romero*, 817 F.3d 917, 924 (5th Cir. 2016). Although the district court was aware of both sentencing ranges, the court never explained that it would impose the same 48-month prison term either way. *See United States v. Guzman-Rendon*, 864 F.3d 409, 411 (5th Cir. 2017), *cert. denied*, 2017 WL 4883172 (Dec. 4, 2017) (No. 17-6519). Rather, the court used the incorrect range as the starting point for its discussion of the various 18 U.S.C. § 3553(a) factors warranting deviation from that range. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016). Further, the court's comments at sentencing do not make clear that its sentencing decision was based on factors independent of the Sentencing Guidelines. *See United States v. Wikkerink*, 841 F.3d 327, 338 (5th Cir. 2016).

We VACATE the judgment and REMAND to the district court for resentencing.