# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-20752
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 26, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

     Plaintiff - Appellee

v.

SALVADOR ANTONIO CRUZ,

     Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-632-1

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

Salvador Antonio Cruz appeals the sentence he received upon his conviction following a guilty plea under 8 U.S.C. § 1326(a) and (b)(1). Specifically, he challenges the district court's failure to award him a reduction in his guidelines level for acceptance of responsibility. We AFFIRM.

We pretermit the question of whether the district court erroneously denied an acceptance of responsibility reduction because we conclude that any

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## No. 17-20752

error was harmless. At the sentencing hearing, Cruz's counsel specifically referenced the range that would be correct if credit had been granted for acceptance of responsibility. Thus, the district court explicitly had before it both ranges, one with the credit and one without. The district court also expressly stated: "if I gave [credit] to him, I would vary upwards to reach the same outcome."

Cruz argues that such a statement is insufficient to establish harmlessness, citing *United States v. Tanksley*, 848 F.3d 347, 353 (5th Cir. 2017) ("*Tanskley I*") for the proposition that the district court must state that it would impose "the same sentence for the same reasons." In so doing, he fails to cite to the supplemental opinion in *Tanksley* which made clear that *Tanksley* was addressing only one of the ways that harmlessness in sentencing can be established. *United States v. Tanksley*, 854 F.3d 284, 286 n.1 (5th Cir. 2017).

We have stated that "there are two ways to show harmless error if the wrong guidelines range is employed." *United States v. Guzman-Rendon*, 864 F.3d 409, 411 (5th Cir.), *cert. denied*, 138 S. Ct. 524 (2017). One is the way addressed in *Tanskley I*, where the record shows that the district court would give the same sentence for the same reason. But the other way, not supported by the record in *Tanksley I*, is to show "that the district court considered both ranges . . . and explained that it would give the same sentence either way." *Guzman-Rendon*, 864 F.3d at 411. That is exactly what happened here. We conclude, therefore, than any error was harmless.[1] AFFIRMED.

---

[1] In a footnote, Cruz makes reference to this line of cases and argues that the district court did not consider the correct range because the judge did not expressly say "24-30 months." However, the sentencing transcript reveals that both sides agreed that the proper range, if acceptance of responsibility credit was granted, was 24-30 months. Only two ranges were considered: the one Cruz calls "incorrect" (30-37 months) and the one he calls "correct" (24-30 months). Thus, the record demonstrates that the district court considered that range; it was not necessary to use "magic words." *United States v. Vega-Garcia*, 893 F.3d 326, 328 (5th Cir. 2018).