# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10426
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 21, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAMON HALL,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-82-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Damon Hall, federal prisoner # 54125-177, appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). He seeks the reduction of his sentence under Amendment 782 of the Sentencing Guidelines, which provides for a two-level reduction in the base offense level for certain drug offenses. *See* U.S.S.G., App. C, amend. 782.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10426

The district court denied Hall's § 3582(c)(2) motion because it found that Hall had been sentenced as a career offender under U.S.S.G. § 4B1.1. The base offense level reductions of Amendment 782 do not apply to defendants who are sentenced under the career offender guidelines. *See United States v. Quintanilla*, 868 F.3d 315, 321 (5th Cir. 2017). On direct appeal, however, we held that the district court erred when it concluded that Hall qualified as a career offender, although we ultimately concluded that the error was harmless and affirmed the judgment. *See United States v. Hall*, 698 F. App'x 217, 218 (5th Cir. 2017). Nevertheless, we conclude that Hall is ineligible for relief under § 3582(c)(2) for a different reason, and we therefore affirm the district court's order on alternate grounds. *See United States v. McSween*, 53 F.3d 684, 687 n.3 (5th Cir. 1995) ("[W]e can affirm the lower court's decision on any grounds supported by the record.").

Section 3582(c)(2) permits the district court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). A defendant is eligible for a sentence reduction if the guideline range originally applicable to him has subsequently been lowered as a result of an amendment to the Guidelines Manual. *See* U.S.S.G. § 1B1.10(a)(1). Amendment 782 became effective on November 1, 2014. Hall was sentenced on September 12, 2016, well after the effective date of the amendment, and the 2015 Guidelines Manual, which incorporated Amendment 782, was used to calculate Hall's sentencing range under the guidelines. Therefore, Hall has not shown that his term of imprisonment was based on a sentencing range that was subsequently lowered by Amendment 782, and he is not entitled to a modification of his sentence on that basis. *See* § 3582(c)(2); § 1B1.10(a)(1), & cmt. n.1(A).

2

No. 19-10426

Both in the district court and on appeal, Hall raised various other challenges to his sentence and to the district court's factual conclusions. A proceeding under § 3582(c)(2) is not a full resentencing, *Dillon v. United States*, 560 U.S. 817, 825–26 (2010), and it "is not the appropriate vehicle for raising issues related to the original sentencing" that could have been raised on direct appeal, *United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009) (internal quotation marks, brackets, and citation omitted). Therefore, Hall has not shown that the district court abused its discretion by declining to address these arguments and reconsider the findings it made at his sentencing hearing.

AFFIRMED.