# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-10262
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 13, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONALD LYNN THOMAS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-234-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Ronald Lynn Thomas appeals the sentence imposed following his guilty plea to one count of bank robbery. He argues that the district court erred in applying a two-level enhancement under U.S.S.G. § 2B3.1(b)(2)(F) because the evidence fails to show that he made a threat of death. The Government disputes this. However, we need not decide the issue because the record indicates any alleged error was harmless.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10262

Although a misapplication of the Sentencing Guidelines is a procedural error that normally requires us to reverse a sentence, such error is harmless, and does not mandate reversal, if it "'did not affect the district court's selection of the sentence imposed.'" *United States v. Richardson*, 676 F.3d 491, 511 (5th Cir. 2012) (quoting *Williams v. United States*, 503 U.S. 193, 203 (1992)).  In this circuit, there are two ways to show harmless error if the wrong guidelines range is employed.  *United States v. Guzman-Rendon*, 864 F.3d 409, 411 (5th Cir. 2017).  "One is to show that the district court considered both ranges (the one now found incorrect and the one now deemed correct) and explained that it would give the same sentence either way."  *Id.*  The other method is for the proponent of the sentence to make a convincing showing "(1) that the district court would have imposed the same sentence had it not made the error, and (2) that it would have done so for the same reasons it gave at the prior sentencing."  *United States v. Ibarra-Luna*, 628 F.3d 712, 714 (5th Cir. 2010).

The Government argues that it meets the first test.  Thomas does not dispute this argument, and we find it to be supported by the record.  The pre-sentence report (PSR) applied the threat-of-death enhancement in calculating a guidelines range of 57-71 months, while a subsequent Addendum identified a range of 46-57 months without the enhancement.  The district court adopted the findings "in these documents"—evidently referring to the PSR and the Addendum—at the sentencing hearing, where it also heard the 46-to-57-month range urged by Thomas's counsel.  The court then imposed a 60-month sentence that it explained primarily by reference to Thomas's criminal history, which included many convictions not counted under the Guidelines.  In addition, the court twice affirmed that its sentence would be the same even if it was wrong about the threat-of-death enhancement.

No. 19-10262

Based on the foregoing, we are satisfied that the district court considered both potential guidelines ranges and was determined to impose the same sentence regardless of which applied. The alleged error is therefore harmless. *See Guzman-Rendon*, 864 F.3d at 411; *Richardson*, 676 F.3d at 511.

AFFIRMED.