# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2021

Lyle W. Cayce
Clerk

No. 19-11348

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DESMOND HOWARD GREER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-30-1

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before HIGGINBOTHAM, STEWART, and WILSON, *Circuit Judges*.
CARL E. STEWART, *Circuit Judge*:

This sentencing appeal returns to us on remand from the United States Supreme Court after it issued its opinion in *Borden v. United States*, holding that offenses involving a mens rea of recklessness do not qualify as violent felonies under the Armed Career Criminal Act ("ACCA"). 141 S. Ct. 1817, 1834 (2021). Since the district court did not have the benefit of this intervening Supreme Court authority at sentencing, resulting in an erroneous

guidelines calculation, and because the Government has failed to show that the error was harmless, we VACATE Desmond Howard Greer's sentence and REMAND for reconsideration.

## I. Factual & Procedural Background

In August 2019, Greer pled guilty to being a convicted felon in possession of a firearm. In the presentence investigation report ("PSR"), the probation officer applied a base offense level of 26 pursuant to U.S.S.G. § 2K2.1(a)(1) because Greer had two prior state court convictions for crimes of violence: (1) Assault Family Violence Impede Breath or Circulation, in violation of Texas Penal Code § 22.01(b)(2)(B); and (2) Assault Family Violence with Previous Convictions, in violation of Texas Penal Code § 22.01(b)(2)(A). *See* U.S.S.G. §§ 4B1.2(a), 2K2.1, comment. (n.1).  Greer objected to the classification of his assault offenses as crimes of violence, arguing that the Texas statute may be violated through reckless conduct and that the statute encompasses actions that do not require touching. He acknowledged that his argument was foreclosed by this court's precedent, but he raised the objection to preserve it for further review. In December 2019, the district court overruled Greer's objections and sentenced him to the statutory maximum guideline term of imprisonment of 120 months, to run concurrently with any sentence imposed in a related state case, and three years of supervised release. Greer timely appealed his sentence.

In May 2020, a panel of this court granted the Government's motion for summary affirmance of Greer's sentence on grounds that his arguments on appeal were foreclosed by this court's precedent in *United States v. Reyes-Contreras*, 910 F.3d 169, 183 (5th Cir. 2018) (en banc) and *United States v. Howell*, 838 F.3d 489, 501–02 (5th Cir. 2016). Greer filed a petition for writ of certiorari with the Supreme Court in December 2020.

In June 2021, the Court issued its opinion in *Borden*, which held that "[o]ffenses with a *mens rea* of recklessness do not qualify as violent felonies

under ACCA," because "[t]hey do not require, as ACCA does, the active employment of force against another person." 141 S. Ct. at 1834. Shortly thereafter in July 2021, the Court vacated and remanded Greer's sentence to this court for reconsideration in light of *Borden*. Both parties have since filed supplemental briefing and presented oral argument.

## II. Standard of Review

Because Greer has preserved the only issue in his sentencing appeal, we conduct a de novo review and harmless error applies. *See United States v. Johnson*, 14 F.4th 342, 347 (5th Cir. 2021) (de novo review); *United States v. Halverson*, 897 F.3d 645, 651 (5th Cir. 2018) (application of harmless error). There are two ways that the Government can show harmless error if the district court has applied the wrong guidelines range. *United States v. Guzman-Rendon*, 864 F.3d 409, 411 (5th Cir. 2017). The first way is to show that the district court considered both ranges (the incorrect range and the correct range) and explained that it would have imposed the same sentence either way. *Id.* The second way, which is applicable in Greer's case, is used when the correct guidelines range was not considered and requires that "the proponent of the sentence convincingly demonstrate[ ] both (1) that the district court would have imposed the same sentence had it not made the error, and (2) that it would have done so for the same reasons it gave at the prior sentencing." *Id.* (citing *United States v. Ibarra–Luna*, 628 F.3d 712, 714 (5th Cir. 2010)). To satisfy its "heavy" burden, the Government must "point to evidence in the record that will convince [the appellate court] that the district court had a particular sentence in mind and would have imposed it, notwithstanding the error." *See United States v. Richardson*, 676 F.3d 491, 511 (5th Cir. 2012) (alteration in original) (internal quotation marks omitted) (quoting *Ibarra–Luna*, 628 F.3d at 714); *see also Halverson*, 897 F.3d at 651.

## III. Discussion

Greer argues that his sentence should be vacated and remanded in light of *Borden* on grounds that the Government has failed to show harmless error. The Government counters that *Borden* has no effect on Greer's sentence because he would have received the same statutory-maximum sentence even if his base offense level had been lower. It contends that the district court's statements at sentencing demonstrated that Greer's current offense and elaborate criminal history necessitated the 120-month sentence that was imposed. If this court rejects its harmless error argument, however, "the [G]overnment acknowledges that *Borden* affects Greer's base offense level and that remand for resentencing is necessary." We address each of these arguments in turn.

When a defendant is convicted of being a felon in possession of a firearm,[1] U.S.S.G. § 2K2.1(a)(1) provides in pertinent part that a base offense level of 26 is applied if the defendant has two qualifying felony convictions of crimes of violence. For purposes of U.S.S.G. § 2K2.1, a crime of violence is defined by U.S.S.G. § 4B1.2(a) as a federal or state offense punishable by more than a year in prison that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," or (2) is an enumerated offense. U.S.S.G. §§ 4B1.2(a); 2K2.1, comment. (n.1).

Subsections (a)(1) and (b)(2)(B) of Texas Penal Code § 22.01 provide that a person commits the offense of assault by intentionally, knowingly, or recklessly causing bodily injury to another, including their spouse, by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth. Likewise,

---

[1] *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2).

subsections (a)(1) and (b)(2)(A) of Texas Penal Code § 22.01 provide that a person commits the offense of assault by intentionally, knowingly, or recklessly causing bodily injury to another, including their spouse, if it is shown on the trial of the offense that the defendant has been previously convicted of applicable offenses under the Code against a person whose relationship to the defendant falls under the qualifying sections of the Penal Code or Family Code.

In *Howell*, this court held that the Texas offense of assault family violence by impeding breathing or circulation "'has as an element the use, attempted use, or threatened use of physical force against the person of another.'" *See Howell*, 838 F.3d at 492 (internal quotation marks omitted) (quoting § 4B1.2(a)(1)). On this basis, we determined in *Howell* that an assault as defined under Texas Penal Code § 22.01(a)(1) and (b)(2)(B) qualifies as a crime of violence for purposes of a § 2K2.1 enhancement. *Id.* at 501–02. We have also held en banc that the phrase "use of physical force" in the nearly-identical "crime of violence" definition in the former U.S.S.G. § 2L1.2(b)(1)(A)(ii) does not require that the use of force be intentional and therefore applies to knowing or reckless conduct as well. *See Reyes-Contreras*, 910 F.3d at 183 (citing *Voisine v. United States*, 136 S. Ct. 2272, 2279 (2016)).

Consequently, under *Howell* and *Reyes-Contreras*, both of Greer's Texas Penal Code convictions were considered crimes of violence at the time he was sentenced and the district court properly sentenced him under U.S.S.G. § 2K2.1(a)(1) since he had two qualifying felony convictions. After *Borden*, however, Greer's prior conviction for assault family violence by impeding breathing or circulation under Texas Penal Code § 22.01(a)(1) and (b)(2)(B) no longer qualifies as a "crime of violence" because the applicable statutory subsections do not include a force element with a mens rea greater than recklessness. *See Price v. State*, 457 S.W.3d 437, 442 (Tex. Crim. App. 2015) (explaining that the offense defined by sections 22.01(a)(1) and

(b)(2)(B) includes a mens rea of recklessness). Likewise, Greer's conviction for assault family violence with a prior conviction under Texas Penal Code § 22.01(a)(1) and (b)(2)(A) no longer qualifies as a crime of violence because the only force element in those statutory subsections includes a mens rea of recklessness. *See* Tex. Penal Code § 22.01(a)(1), (b)(2)(A) (providing that "intentionally, knowingly, or recklessly caus[ing] bodily injury to another" is a third degree felony "if the defendant has been previously convicted of" another such family violence offense).

Without these two qualifying prior convictions for crimes of violence, Greer's base offense level would drop from 26 to 20, and his total offense level would drop from 29 to 23. *See* USSG § 2K2.1(a)(4)(B) (providing for a base offense level of 20 if the offense involved a semiautomatic firearm capable of accepting a large capacity magazine). The 6-level disparity in Greer's base offense level calculation resulting from the district court's application of the incorrect guidelines range is significant. With the error, Greer's criminal history category of IV and total offense level of 29 yielded a guidelines range of 121 to 151 months and a statutory maximum of 120 months (his actual sentence). Without the error, Greer's total offense level would have been 23, and coupled with his criminal history category of IV, would have yielded a guidelines range of 70 to 87 months. Assuming arguendo that the district court would have again sentenced Greer to the maximum sentence in the correct guidelines range (87 months), his sentence would still have been nearly three years less (33 months) than his current sentence under the incorrect guidelines range.

The Government makes a strong argument for affirming under the harmless error standard of review given the district court's lengthy statement of reasons for imposing Greer's 120-month within-guidelines sentence. The cases it cites in support of its argument, however, are distinguishable from Greer's case. For example, in *United States v. Reyna-Aragon*, 992 F.3d 381,

388, 391 (5th Cir. 2021), this court affirmed the defendant's sentence under a harmless error standard of review. In doing so, we pointed to the district court's statements at sentencing regarding the seriousness of the defendant's criminal history and the applicable 18 U.S.C. § 3553(a) factors. *Id.* at 388. In that case, the district court explicitly stated that it would have imposed the same 60-month sentence regardless of whether it had committed error under the guidelines, given the seriousness of the defendant's child sex conviction. *Id.* Our review of the sentencing transcript in Greer's case reveals no such statement or indication by the district court that it would have imposed the same 120-month sentence regardless of an error under the guidelines.

The other cases that the Government cites are equally inapposite. In *United States v. Jones*, 435 F.3d 541, 543 (5th Cir. 2006), this court held that the error was harmless when the record "contain[ed] other evidence that the district court would have imposed the maximum statutory sentence under either a mandatory or advisory guideline scheme." Likewise, in *United States v. Self*, 461 F. App'x 375, 378 (5th Cir. 2012), we affirmed under the harmless error standard of review on grounds that "[t]he record suggest[ed] that the judge was committed to applying the statutory maximum because of the devastating effect [of the defendant's] crimes and because of [his] criminal history." In Greer's case though, the district court only referenced the statutory maximum to explain that Greer's guidelines sentence had been reduced to it, not to express that it was "committed" to imposing it.

To be clear, this court does not require magic words or talismanic language to affirm a sentence under the harmless error standard of review. But our precedent does require that the Government convincingly demonstrate that the sentencing court had Greer's 120-month sentence in mind specifically, *Richardson*, 676 F.3d at 511 (quoting *Ibarra–Luna*, 628 F.3d at 714), and that it would have imposed the 120-month sentence irrespective of its error in calculating the guidelines. *See Guzman-Rendon*, 864 F.3d at 411;

*see also United States v. Soza*, 874 F.3d 884, 895–96 (5th Cir. 2017) ("The district court did not state that it would impose the same sentence if its application of § 2K2.1(a)(4)(B) were erroneous. And, although it is true that '[t]he court's imposition of the maximum allowable sentence . . . favors finding any error was harmless,' it is not clear, given the significant disparity between the two ranges, that 'the district court would have imposed the same sentence had it not made the error.'"). Although the district court discussed its reasons for imposing the 120-month sentence, referencing both Greer's criminal history and the 18 U.S.C. § 3553(a) sentencing factors, it expressly stated that it was "going to sentence [Greer] to the Guideline in this case, which is 120 months," later noting that it was "the appropriate sentence." We have rejected harmless error arguments under similar facts, and we do so again here. *See United States v. Martinez-Romero*, 817 F.3d 917, 926 (5th Cir. 2016) ("While the court expressed a multitude of reasons for imposing a sentence above the properly calculated range, we can find no indication that the court's decision . . . was independent of the erroneous calculation that called the court's attention to that range in the first instance . . . On this record, the [G]overnment cannot satisfy its heavy burden, and thus, the sentencing error is not harmless." (internal citation omitted)). While this was a model sentencing hearing conducted under the then prescribed parameters, the Supreme Court's later change of its boundaries requires that in fairness it be conducted again.

For these reasons, and because the district court did not have the benefit of intervening Supreme Court authority when it issued Greer's sentence in 2019, we conclude that it should have an opportunity to reconsider its sentencing decision in light of *Borden*.

## IV. Conclusion

For the foregoing reasons, we VACATE Greer's sentence and REMAND in light of *Borden v. United States*, 141 S. Ct. 1817 (2021).