# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2022

Lyle W. Cayce
Clerk

No. 21-40035

United States of America,

*Plaintiff—Appellee*,

*versus*

Modesto Sosa,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:19-CR-1286

Before Stewart, Clement, and Elrod, *Circuit Judges*.

Per Curiam:*

Modesto Sosa was convicted of conspiring to possess with intent to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). Prior to sentencing, Sosa requested that he be granted safety valve relief pursuant to 18 U.S.C. § 3553(f)(1)-(5) so that he could be sentenced below the mandatory minimum—120 months.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40035

Specifically, he argued that his 2014 family violence conviction under § 22.01(a)(1) of the Texas Penal Code did not preclude relief under *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and because his prior conviction was a misdemeanor, not a felony. The district court considered Sosa's objection and overruled it, finding that his § 22.01(a)(1) conviction precluded safety valve relief as it constituted a "crime of violence" under 18 U.S.C. § 16(a). Sosa timely appealed.

On appeal, Sosa argues that his sentence cannot stand because § 16 has been deemed unconstitutionally vague and his § 22.01(a)(1) conviction was a misdemeanor, not a felony. Sosa filed his brief on April 29, 2021. The government responded approximately one month later. Since we received the parties' briefing, however, two major developments have occurred in this area of the law.

First, on June 30, 2021, the Supreme Court held that offenses with a mens rea of recklessness could not serve as violent felonies under the Armed Career Criminal Act. *Borden v. United States*, 141 S. Ct. 1817, 1834 (2021). Then, on December 20, 2021, we held that that a prior conviction for assault-family violence under "Texas Penal Code § 22.01(a)(1) and (b)(2)(A) no longer qualifies as a crime of violence because the only force element in those statutory subsections includes a mens rea of recklessness." *United States v. Greer*, 20 F. 4th 1071, 1075 (5th Cir. 2021); *see also* Tex. Penal Code § 22.01(a)(1) ("A person commits an offense if the person: (1) intentionally, knowingly, *or recklessly* causes bodily injury to another, including the person's spouse." (emphasis added)).

On February 25, 2022, we directed the parties to address the impact of *Borden* and *Greer* on Sosa's sentence. In the government's supplemental letter brief, the government argues that: (1) Sosa waived any *Borden* issue; (2) if he did not waive *Borden*, the issue should be reviewed for plain error; (3)

No. 21-40035

on the merits, his 2014 conviction is not a crime of violence pursuant to *Borden* and *Greer*; and (4) Sosa bears the burden on remand of establishing his eligibility for safety valve relief.

The district court was not afforded the benefit of these intervening authorities when sentencing Sosa in early 2021. Nor was Sosa afforded that same benefit when filing his briefing on appeal. The government now concedes, as it must, that Sosa's 2014 conviction cannot constitute a crime of violence. Accordingly, we conclude that Sosa's sentence must be VACATED, and the case REMANDED for resentencing, in light of *Borden v. United States*, 141 S. Ct. 1817 (2021), and *United States v. Greer*, 20 F. 4th 1071 (5th Cir. 2021).