# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2022

Lyle W. Cayce
Clerk

No. 20-40661
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

VICTOR CARBAJAL, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
No. 2:19-CR-1611-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.
PER CURIAM:*

Victor Carbajal, Jr., appeals his sentence for possession of a firearm by a convicted felon. He contends that, in light of *Borden v. United States*, 141 S. Ct. 1817 (2021), the district court improperly calculated his base offense level by characterizing his conviction of Texas assault family violence

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

by impeding breathing as a crime of violence under U.S.S.G. § 2K2.1(a)-(4)(A). After *Borden*, a conviction of assault family violence by impeding breathing or circulation under Texas Penal Code § 22.01(a)(1) and (b)(2)(B) no longer qualifies as a crime of violence because the applicable statutory subsections do not include a force element with a *mens rea* greater than recklessness. *See United States v. Greer*, 20 F.4th 1071, 1075 (5th Cir. 2021).

Without this qualifying conviction, Carbajal's base offense level would drop from 20 to 14, and his guideline imprisonment range of 57 to 71 months would drop to 30 to 37 months. The 6-level disparity is significant. Assuming *arguendo* that the district court again would have sentenced Carbajal to the bottom of the correct guideline range (30 months), his sentence would still have been 27 months less than under the incorrect range. The error was not harmless because the record shows that the court intended to impose a sentence within the guideline range. *See id.*; *United States v. Martinez-Romero*, 817 F.3d 917, 926 (5th Cir. 2016).

For these reasons, and because the district court did not have the benefit of intervening Supreme Court authority when it sentenced in 2020, it should have an opportunity to reconsider in light of *Borden*. The sentence is VACATED and REMANDED for resentencing. Nothing in this opinion should be understood as an indication of what decisions the district court should make on remand.