# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 30, 2022

Lyle W. Cayce
Clerk

No. 21-10679
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Deven Oran Bomar,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:20-CR-115-1

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Defendant-Appellant Deven Oran Bomar pleaded guilty to possession of a firearm after a felony conviction. The district court calculated his base offense level pursuant to U.S.S.G. § 2K2.1(a)(4)(A) based on his prior conviction of assault under Texas Penal Code § 22.01(b)(2)(B). The court

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10679

employed an upward variance to sentence Bomar to 84 months of imprisonment followed by three years of supervised release. For the first time on appeal, he contends that the district court erred by characterizing his prior assault conviction as a crime of violence and enhancing his base offense level pursuant to § 2K2.1(a)(4)(A) in light of *Borden v. United States*, 141 S. Ct. 1817 (2021).

We review for plain error because Bomar did not preserve this argument. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). The Government concedes that Bomar has established the first two prongs of plain error review. *See United States v. Greer*, 20 F.4th 1071, 1075 (5th Cir. 2021). But he fails to show that the error affected his substantial rights because the district court explained why it imposed the sentence and stated that it would have imposed the same sentence regardless of any errors in calculating the guidelines range. *See Puckett*, 556 U.S. at 135; *Molina-Martinez v. United States*, 578 U.S. 189, 200-01 (2016); *see also United States v. Sanchez-Hernandez*, 931 F.3d 408, 411-12 (5th Cir. 2019).

Bomar also challenges his conviction on the ground that 18 U.S.C. § 922(g)(1) is unconstitutional, both on its face and as applied to him, because the statute exceeds the scope of Congress's authority under the Commerce Clause. He also contends that the factual basis was insufficient to support his conviction because it did not include, as the mens rea element for the offense, that he knew that his possession of the firearm was in or affecting interstate commerce. However, Bomar acknowledges that these challenges are foreclosed. *See Rehaif v. United States*, 139 S. Ct. 2191, 2194-96 (2019); *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013).

AFFIRMED.