# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 7, 2022

Lyle W. Cayce
Clerk

No. 21-30498
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TABITHA NICOLE STEWART,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:20-CR-159-2

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Tabitha Nicole Stewart pleaded guilty, pursuant to a plea agreement, to conspiring to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846. In Stewart's presentence report ("PSR"), the probation officer calculated her criminal history score as a three, which included a

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-30498

single three-point offense. Stewart's criminal history score of three, in turn, established a criminal history category of II, and with a total offense level of thirty-five, her sentencing guideline range became 188 to 235 months in prison.

Stewart acknowledged that she had a prior three-point offense but argued that she was eligible for a safety-valve adjustment under 18 U.S.C. § 3553(f), as well as a two-level reduction under U.S. Sentencing Guideline ("U.S.S.G.") § 2D1.1(b)(18) for meeting the criteria for safety-valve consideration under U.S.S.G. § 5C1.2. She asserted (albeit in a parenthetical) that the plain language of § 3553(f)(1) was "unambiguously conjunctive," and a defendant must have (1) "more than four criminal-history points," (2) a "prior three-point offense, and" (3) a "prior two-point violent offense" to render her ineligible for a safety-valve adjustment. To support her argument, Stewart cited the Ninth Circuit's decision in *United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021), but she also noted a contrary decision from the Eleventh Circuit, *United States v. Garcon*, 997 F.3d 1301 (11th Cir. 2021).[1]

The Government did not (and does not) dispute that Stewart meets only one of the three prongs of § 3553(f)(1)—the "prior three-point offense." Instead, the Government disagreed that the absence of one of the three disqualifying conditions makes the defendant eligible for the safety-valve adjustment. Rather, from the Government's perspective, if one of the prongs is satisfied, then the safety valve does not apply.

---

[1] *Garcon* has been vacated by a vote for rehearing en banc. *United States v. Garcon*, 23 F.4th 1334 (11th Cir. 2022) (mem.). The case remains pending before the Eleventh Circuit.

No. 21-30498

At the sentencing hearing, a long discussion was held about the proper sentencing range. The district court considered and calculated two guideline ranges: one with the safety-valve adjustment (151–188 months) and one without (188–235 months). The district court ruled, however, that the safety-valve adjustment did not apply, and Stewart was not entitled to a reduction from the statutory minimum sentence of 120 months. The district court also made it clear that, even if Stewart qualified for a below minimum sentence, it would still not grant that request given, inter alia, the amount of methamphetamine involved in her case.

The district judge ultimately sentenced Stewart to 151 months in prison, noting that this was the lower end of the guideline range that would apply if the safety-valve adjustment were made. In the statement of reasons portion of the sentencing documents, the district court also stated: "In the event the guideline determination(s) made in this case are found to be incorrect, the court would impose a sentence identical to that imposed in this case."[2]

On appeal, both sides argue how to construe § 3553(f)(1), but the Government also argues harmless error. We agree with the latter argument and therefore need not address the former. *See United States v. Guzman-Rendon*, 864 F.3d 409, 411 (5th Cir. 2017) (proceeding directly to a harmless error analysis).[3]

---

[2] Moreover, the district court indicated, in its statement of reasons, that it departed from the sentencing guideline range because "151 months [was] at the bottom of the guidelines had the safety valve been utilized."

[3] The two-level reduction in U.S.S.G. § 2D1.1(b)(18) that Stewart requested is tied to the Guidelines' safety valve criteria in U.S.S.G. § 5C1.2(a), which has not been amended to conform to the current, less restrictive version of § 3553(f). *See United States v. Ussery*, No. 20-50585, 2022 WL 44101, at *2 (5th Cir. Jan. 5, 2022) (unpublished per curiam). Because of her three-point offense, Stewart would not qualify under the plain language of

No. 21-30498

Accordingly, because we conclude that any error concerning the applicability of § 3553(f)(1) was harmless, we AFFIRM.

---

§ 5C1.2(a)(1). Therefore, it is unlikely that she would qualify under the plain language of § 2D1.1(b)(18) for the two-level reduction, even if she qualified under § 3553(f) (as amended). However, in *Ussery*, we declined to address whether § 5C1.2 automatically "incorporates the amended § 3553(f) factors as opposed to the factors it expressly lists." 2022 WL 44101, at *3 n.2. This issue was not addressed by the parties, and we need not reach it here given our conclusion that any arguable error on this point was harmless.