# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-10199
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
January 11, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Gilberto Gonzalez-Enriquez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-268-1

_____

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Gilberto Gonzalez-Enriquez appeals the below-Guidelines 52-months' sentence imposed following his guilty-plea conviction for illegal reentry after removal, in violation of 8 U.S.C. § 1326(a), (b)(1). He maintains the court erred by applying an additional 10-level enhancement under Sentencing Guideline § 2L1.2(b)(3)(A) for his 2019 felony-driving-while-

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

intoxicated conviction because instead, under Texas law and Application Note 5, only one 10-level enhancement under Guideline § 2L1.2(b)(2)(A) should have been applied.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, as in this instance, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

We need not decide whether the court procedurally erred in applying the enhancement, because the Government has met its burden on appeal of showing that any error was harmless by demonstrating: the court "would have imposed the same sentence had it not made the error"; and it "would have done so for the same reasons it gave at . . . sentencing". *United States v. Guzman-Rendon*, 864 F.3d 409, 411–12 (5th Cir. 2017) (citation omitted) (rejecting claim of error as harmless without deciding whether court erred).

AFFIRMED.