# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 23-11245
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**

October 11, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAVIER FRANCISCO PEREZ,

*Defendant—Appellant*.

―――――――――――――――――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-173-1

―――――――――――――――――――――

Before KING, SOUTHWICK, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Javier Francisco Perez appeals the revocation of his supervised release and sentence of 30 months of imprisonment. He asserts that the district court erred when it concluded that his charge under Texas Penal Code § 22.01(b)(2)(B) constituted a Grade A supervised release violation under U.S.S.G. § 7B1.1(a)(1). Specifically, Perez argues that in light of *United*

―――――――――――――――

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

*States v. Greer*, 20 F.4th 1071, 1075 (5th Cir. 2021), the assault cannot be deemed a "crime of violence" under the categorical approach because it can be committed recklessly.

As Perez concedes, review is for plain error. To demonstrate plain error, he must show that (1) there is an error, (2) the error is clear or obvious, rather than subject to reasonable dispute, and (3) the error affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, we will exercise our discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation and brackets omitted). Satisfying all four prongs of the test "is difficult." *Id.*

There is a circuit split regarding whether the categorical approach applies to § 7B1.1(a)(1), and we have not yet addressed the issue. *See United States v. Patel*, No. 22-10021, 2022 WL 17246941, at *1 n.1 (5th Cir. Nov. 28, 2022) (unpublished). Because this circuit's law remains unsettled and other circuits have reached divergent conclusions, the district court's consideration of Perez's actual conduct rather than the categorical approach to determine if the assault met the crime-of-violence definition was not clear or obvious error. *See United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007).

The judgment of the district court is AFFIRMED.