# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-50209
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

February 10, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Dylan James Rivas,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:20-CR-368-1

————————————————————

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Dylan James Rivas was found guilty of possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 120 months of imprisonment and three years of supervised release. Rivas challenges the district court's denial of his motion to suppress.

————————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50209

We review the district court's legal conclusions de novo and its factual determinations for clear error, viewing the evidence in the light most favorable to the prevailing party. *See United States v. Wright*, 777 F.3d 769, 773 (5th Cir. 2015). Rivas fails to argue, on appeal, that he had any reasonable expectation of privacy with respect to the place being searched, *see United States v. Iraheta*, 764 F.3d 455, 461 (5th Cir. 2014), and has consequently abandoned any claim that he had standing to challenge the search, *see United States v. Scroggins*, 599 F.3d 433, 447 (5th Cir. 2010).

Second, Rivas contends that the district court erred in applying an enhanced base offense level, pursuant to the cross-reference provision in U.S.S.G. § 2K2.1(c)(1)(A) in conjunction with U.S.S.G. § 2X1.1(a) and U.S.S.G. § 2A2.1(a)(1). Because Rivas's claim cannot succeed even under the more lenient standard of review, *see United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008), this court pretermits any issues concerning whether Rivas properly preserved his claim in the district court, *see United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). Even assuming the district court erred in applying the enhanced base offense level, any error was harmless. *See United States v. Ibarra-Luna*, 628 F.3d 712, 718 (5th Cir. 2010); *United States v. Guzman-Rendon*, 864 F.3d 409, 411 (5th Cir. 2017).

Accordingly, the judgment of the district court is AFFIRMED.