# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 18, 2025

Lyle W. Cayce
Clerk

No. 24-50188
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Marco Antonio Sanchez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:23-CR-177-1

_____

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Marco Antonio Sanchez pleaded guilty to possession of a firearm after a felony conviction. He now appeals his conviction and sentence, renewing his arguments that 18 U.S.C. § 922(g)(1) violates the Second Amendment on

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50188

its face and as applied to Sanchez and exceeds Congress's powers under the Commerce Clause.

Sanchez's facial challenge to § 922(g)(1) is foreclosed by *United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024), *cert. denied*, 2025 WL 1727419 (U.S. June 23, 2025) (No. 24-6625). He also correctly concedes that his as-applied challenge is foreclosed. *See United States v. Schnur*, 132 F.4th 863, 871 (5th Cir. 2025). Additionally, Sanchez's theory that § 922(g)(1) is unconstitutional because it exceeds Congress's power under the Commerce Clause is foreclosed by *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013).

He also renews his challenge that the district court erred in applying the U.S.S.G. § 2K2.1(c)(1)(A) cross-reference to the attempted first-degree murder guideline at U.S.S.G. § 2A2.1 because there was insufficient evidence that Sanchez committed attempted first-degree murder. Even assuming the district court erred in applying the enhanced base offense level, any error was harmless. *See United States v. Ibarra-Luna*, 628 F.3d 712, 718 (5th Cir. 2010); *United States v. Guzman-Rendon*, 864 F.3d 409, 411 (5th Cir. 2017).

Accordingly, the district court's judgment is AFFIRMED.