# United States Court of Appeals for the Fifth Circuit

—————————

No. 24-30687
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jason Graham,

*Defendant—Appellant*.

—————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:23-CR-197-6

—————————

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Jason Graham was sentenced to 96 months' imprisonment after he pleaded guilty to conspiracy to distribute and possess with intent to distribute methamphetamine. Graham appeals his sentence, arguing that the district court applied the wrong Guidelines range based on an erroneous finding that Graham's text to coconspirator William Palmer about their "project" and a

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

"big package"[1] concerned a pound of meth, rather than a quarter pound of marijuana. If, as the court found, the text was about meth, the appropriate Guidelines range would be 108–135 months. But if Graham was referring to marijuana, the correct range would be only 70–87 months.

"The district court's calculation of the quantity of drugs involved in an offense is a factual determination," which we review for clear error. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (citation omitted). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *Id.* (citation omitted).

When determining the "quantity of drugs attributable to a defendant[,] the district judge may consider any information that has sufficient indicia of reliability to support its probable accuracy, including a probation officer's testimony, a policeman's approximation of unrecovered drugs, and even hearsay." *Id.* at 247 (citation modified). Generally, a presentence investigation report ("PSR") may be "considered as evidence by the sentencing judge in making factual determinations." *United States v. Lucio*, 985 F.3d 482, 485 (5th Cir. 2021) (citation omitted). But "facts in a PSR still must bear sufficient indicia of reliability for the district court to consider them at sentencing." *Id.* (citation modified). "Ultimately, the district court need only determine its factual findings at sentencing by a preponderance of the relevant and sufficiently reliable evidence." *Betancourt*, 422 F.3d at 247 (citation omitted). "The defendant bears the burden of showing that the information in the PSR relied on by the district court is materially untrue." *Id.* at 248 (citation omitted).

---

[1] The text message reads: "Of the $280 for the next seven days, I would like that to be reinvested into our project. How much money do we need in order to make our way to the big package? I'll have another 300 later, plus any sales I get. I still have, like, seven to sell or so."

No. 24-30687

Graham's PSR states that, "[b]ased on the calls and text messages [between the coconspirators], the 'big package' is believed to be one pound of methamphetamine." The court adopted the PSR's finding after hearing testimony from DEA Special Agent Landon Williamson, who substantiated that Graham's text to Palmer about their "project" and the "big package" concerned meth, not marijuana. Specifically, Williamson testified that Palmer's response to Graham—"that's what I was doing last night"—meant that Palmer had been coordinating the purchase of meth from a supplier. Williamson also stated that Palmer was not known to have a marijuana supply, and that, at one point, Graham offered to provide marijuana to Palmer. The court also heard testimony about a call between Palmer and a meth supplier the same day that Graham sent the "big package" text, where Palmer asked what he would be able to purchase with $2,200.

Graham contends that there is insufficient evidence to conclude that he was referring to a pound of meth. He argues his coded text message does not establish that he was asking about meth, and that his previous practice of buying only small quantities of meth, the lack of evidence concerning Palmer's work on the "project" the night before the text, and the fact that the Government never produced evidence that the "project" came to fruition discredit the court's finding. He also argues that the $2,200 Palmer mentioned to the supplier does not align with the price of a pound of meth.

We hold that Graham failed to demonstrate that the district court's finding was "implausible in light of the whole record." *See Lucio*, 985 F.3d at 486 (quoting *United States v. Kearby*, 943 F.3d 969, 974 (5th Cir. 2019)). The timeline of the relevant communications, the fact that Palmer did not have a marijuana supply, and Graham's plea of guilty to conspiring to deal meth all support the district court's finding that the "big package" referred to meth. In testifying on this matter, Special Agent Williamson "applied his own training and experience to interpret the [communications]," and the district

3

court reasonably credited his testimony. *Id.* at 487. Further, Graham's argument that he cannot be responsible for the meth because there is no evidence he ever acquired the "big package" is "specious because [Graham] pleaded guilty to conspiracy, which does not require completed transactions." *United States v. Nguyen*, 361 F.App'x 597, 598 (5th Cir. 2010). Because the district court's finding was plausible in light of the record, it did not clearly err.

Even if the court did err, "[w]e will not vacate and remand for resentencing . . . if the [G]uidelines calculation error is harmless—that is the error 'did not affect the district court's selection of the sentence imposed.'" *United States v. Richardson*, 676 F.3d 491, 511 (5th Cir. 2012) (quoting *Williams v. United States*, 503 U.S. 193, 203 (1992)). A Guidelines error is harmless if "[1] the district court considered both ranges (the one now found incorrect and the one now deemed correct) and [2] explained that it would give the same sentence either way." *United States v. Reyna-Aragon*, 992 F.3d 381, 387 (5th Cir. 2021) (quoting *United States v. Guzman-Rendon*, 864 F.3d 409, 411 (5th Cir. 2017)); *United States v. Nanda*, 867 F.3d 522, 531 (5th Cir. 2017) ("We have repeatedly held that, when a district court entertains arguments as to the proper guidelines range and explicitly states that it would have given the same sentence it did regardless, any error in the range calculation is harmless.").

Here, the district court considered both ranges, and it expressed in the Statement of Reasons that, "[i]n the event the guideline determination(s) made in this case are found to be incorrect, the court would impose a sentence identical to that imposed in this case." Although the court did not give this same affirmance at the hearing, it does not conflict with the court's statements there. Accordingly, any error was harmless.

AFFIRMED.

4